[Cite as *State v. Kirkman*, 2016-Ohio-5326.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103683

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEON KIRKMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587052-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 11, 2016

**ATTORNEY FOR APPELLANT**

John T. Forristal
P.O. Box 16832
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Jennifer Lynne O'Malley
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** The court ordered defendant-appellant Leon Kirkman to serve consecutive sentences totaling 36 months for counts of aggravated assault (one year) and having a weapon while under disability (two years). The issues in this appeal are whether the court made the findings necessary to impose consecutive sentences and whether those findings were supported by the record.

**{¶2}** R.C. 2929.14(C)(4) requires a sentencing judge to make the following findings before imposing consecutive sentences: first, that consecutive sentences are necessary to protect the public from future crime or to punish the offender; second, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and third, that either (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. section 2929.16, 2929.17, or 2929.18, or was under postrelease control for a prior offense, (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶3}** At sentencing, the court made the following findings:

And why am I running that consecutive? Because the harm that occurred here was so great or unusual that I believe a single term does not adequately reflect the seriousness of this conduct and the fact that your criminal history shows that consecutive terms are needed to protect the public. And what do I mean by that? Well, having weapons under disability. If you did not have that gun in your presence, if you knew you were not supposed to have that weapon in your house, this would have been a domestic violence case, and it would have been a dispute between the two of you, and we wouldn't be talking about someone being shot in the arm, okay? That's why I believe this sentence is necessary and consecutive.

The Court's always presumed to have concurrent terms, but with this Court to impose consecutive sentences, it's necessary to protect, punish, and I don't believe it's disproportionate. And I believe because the harm again, as I said, was so great or unusual that a single term does not adequately reflect the seriousness of your conduct. And your criminal history, I believe it shows that consecutive terms are needed to protect the public.

**{¶4}** Kirkman argues that these remarks did not constitute "separate and distinct" findings as required by our decision in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.). While we prefer that the sentencing judge make separate and distinct findings under R.C. 2929.14(C)(4), we have noted that in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 33, the Ohio Supreme Court took a more "relaxed" approach to those findings, finding that the requisite findings could be made if the reviewing court could "discern" them from statements made by the sentencing judge. *See State v. Gum*, 8th Dist. Cuyahoga No. 101496, 2015-Ohio-1539, ¶ 15; *State v. Jackson*, 8th Dist. Cuyahoga No. 102394, 2015-Ohio-4274, ¶ 36.

{¶5} The court expressly found that consecutive sentences were necessary to protect the public. We can discern from the court's statement that "I don't believe it's disproportionate" a finding that consecutive service of Kirkman's sentences would not be disproportionate to the seriousness of his conduct. We can likewise discern from the reference to Kirkman's "criminal history" and the need to "protect the public" a finding that consecutive sentences were necessary to protect the public from future crime by the offender. These findings satisfied the requirements of R.C. 2929.14(C)(4).

{¶6} Kirkman next argues that the record does not support the court's findings. R.C. 2953.08(G)(2) states that we must affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the sentencing judge's findings in support of consecutive service. This is an "extremely deferential" standard of review because it is written in the negative: the standard "does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Venes, supra*, at ¶ 21.

**{¶7}** Kirkman argues that the record does not support the court's second finding in support of consecutive sentences — that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. He cites *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, for two propositions: first, that a sentencing judge can find "guidance" to determine whether the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12; second, that the absence of facts in the record to show that the sentencing judge considered the R.C. 2929.12 factors permits an appellate court to find that the record does not support the R.C. 2929.14(C)(4) findings.

{¶8} *Kay* involved a remand for the limited purpose of having the sentencing judge address the factors necessary to impose consecutive sentences for counts of murder, aggravated robbery, aggravated burglary, felonious assault, and tampering with evidence. On appeal from remand, the Second District found that "the record is not clear what facts were considered by the trial court" when making any of its findings under R.C. 2929.14(C)(4). With respect to the R.C. 2929.14(C)(4) finding that consecutive sentences were necessary to protect the public from future crime or to punish Kay, the Second District found that "guidance is provided by R.C. 2929.12 (D), which lists factors to consider to evaluate whether a defendant is likely to commit future crimes." *Id.* at ¶ 16. Finding that the sentencing judge did no more than conclude that Kay was "likely to be a recidivist[,]" the Second District found that balancing recidivism "against the numerous factors that weigh against recidivism, particularly her lack of any criminal record, we conclude that the record fails to support this necessary finding for the imposition of consecutive sentences." *Id.*

**{¶9}** R.C. 2929.12 states that "the court shall consider" the incorporated factors for determining the seriousness of a crime and recidivism factors, so the factors are mandatory sentencing considerations for any criminal sentence. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. But those factors are specifically stated to apply to "a sentence" that is to be imposed. "A sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus. It follows that R.C. 2929.12 guides a sentencing judge's discretion only on individual counts. By definition, consecutive sentencing involves "multiple prison terms * * * imposed on an offender for convictions of multiple offenses[.]" R.C. 2929.14(C)(4). So R.C. 2929.12 is not statutorily applicable to consecutive sentencing issues.

**{¶10}** We also reject Kirkman's argument that there was no factual record to prove the court's findings. Kirkman offers nothing from which we could clearly and convincingly find that the record does not support the court's findings. At sentencing, the victim told the court that she and Kirkman were having a heated argument. When Kirkman brandished a table fork in the victim's face, she grabbed a knife from her purse and stabbed him in the shoulder. After telling the victim that "I'm going to kill you," Kirkman left the room and returned with a firearm. He fired the gun at the victim, but she was recoiling from him as he did so and the bullet struck her in the arm. Kirkman was under a weapons disability at the time because of a 1975 conviction for murder.

**{¶11}** These facts do not clearly and convincingly cause us to conclude that the record does not support the court's findings in support of consecutive sentences. The assigned error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR