[Cite as *State v. Ladson*, 2016-Ohio-7781.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104091**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARCUS LADSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-599880-A

**BEFORE:** S. Gallagher, J., Jones, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Anna Woods
        Zachary M. Humphrey
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Marcus Ladson was sentenced to 16.5 years for improperly discharging a firearm into habitation, having a weapon while under disability, receiving stolen property, drug possession, and aggravated menacing. All the individual, maximum sentences were imposed consecutively, although only a $250 fine was imposed for the misdemeanor aggravated menacing count. We affirm.

{¶2} Most of the underlying facts are undisputed. In January 2015, a third party reported her 9 mm handgun stolen. The night before, her husband borrowed her car and was unaware of the fact that the handgun had been left in the back. The husband drove Ladson from a bar in the early morning hours and stopped at a convenience store along the way. The husband went inside, while Ladson remained with the running vehicle. Ladson was the only other person in the vehicle the night the handgun disappeared, although there is a claim that some other individuals milled about the car in the convenience store parking lot.

{¶3} Two months later, on the night of the incident, the victim in this case ran from her apartment to where her mother was staying in another building within the same complex. The victim appeared scared and distraught, telling her mother that Ladson came to the apartment to continue an argument they had earlier in the evening and that Ladson fired shots up through the apartment window. The victim's mother called the police. Officers immediately responded and found Ladson in the victim's back bedroom. The handgun, the same one reported stolen in January, was found in the clothes hamper

in Ladson's immediate vicinity. A spent shell casing was found outside the apartment, and there were bullet holes in the window and ceiling. The bullet trajectory matched the location where the shell casing was recovered outside the apartment. The handgun found near Ladson was the weapon used to fire the recovered shell casing, and the weapon tested positive for gunshot residue. Ladson also tested positive for gunshot residue.

{¶4} Ladson disputes the victim's account of the evening. After Ladson and the victim colluded in a recorded jail-house telephone call, the victim was reluctant to testify at trial. She largely claimed she did not remember what had happened, and that Ladson was invited over and did not shoot at the apartment. The victim's trial testimony contradicted her statement to police officers, given on the night of the attack, and the statements made to her mother in an excited state immediately following the shooting. The state unsuccessfully attempted to refresh the victim's recollection, with her prior written memorandum contained in the police report, through leading questions that were answered in the negative.

{¶5} The jury convicted Ladson of improperly discharging a firearm into habitation, with an associated one- and three-year firearm specification, having a weapon while under disability, receiving stolen property, drug possession, and aggravated menacing. The trial court sentenced Ladson to an aggregate term of 16.5 years of prison — eight years on the discharging into habitation count, three years on the firearm specification, three years on the having weapon while under disability count, 18 months on the receiving stolen property count, one year on the drug possession count, and imposed a $250 fine for the misdemeanor aggravated menacing count. All prison terms were imposed to be consecutively served after the trial court made the R.C. 2929.14(C)(4) findings, which are not challenged in this appeal.

{¶6} Ladson appealed, claiming his conviction is against both the manifest weight and the sufficiency of the evidence, that the trial court erred in allowing the jury to use the

victim's written statement during its deliberations, and that the trial court abused its discretion in imposing the sentences to be served consecutive to one another under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. We can summarily dispel the latter two claims.

{¶7} The victim's written statement was not introduced into evidence, nor did it accompany the evidence into the deliberation process. Ladson also does not cite any authority in support of his argument regarding the victim's testimony as required under App.R. 16(A)(7). He included generic references to Evid.R. 611(C), providing that leading questions on direct are discouraged, and Evid.R. 613, the rule governing impeachment through self-contradiction, but it is not entirely clear how those rules impacted the trial evidence from the arguments presented. Without arguments in support of any error, we must overrule the assigned error.

{¶8} We are also required to overrule the sentencing argument because appellate courts cannot review a final sentence for abuse of discretion under R.C. 2953.08(G) and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Even if we considered Ladson's claim under our authority to review the maximum sentence imposed on the highest degree offense for which sentences were imposed under R.C. 2953.08(A)(1), Ladson primarily asks for us to review his sentence to determine whether the trial court failed to consider the appropriate sentencing factors, under R.C. 2929.11 and 2929.12, with respect to the imposition of consecutive sentences, and upon considering those factors to conclude that the 16.5 years of prison is too long. The trial

court expressly considered all relevant sentencing factors, and R.C. 2929.11 through 2929.12 are only applicable to the imposition of an individual sentence, imposed upon an individual count. *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 9 (the legislature's indication that the section only applies to the imposition of a single felony sentence must be construed as limiting the application of the statutory section to sentences imposed on a single offense, not the consecutive nature of the service). The trial court was not required to consider those factors in determining whether the sentences should be served consecutively. *Id.*

{¶9} This is not to say that a trial court cannot be guided by the sentencing factors within the scope of consecutive sentencing. A trial court imposing a consecutive sentence could be reviewing many of the same facts and considerations outlined in the principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12 when making the findings required by R.C. 2929.14(C)(4). The likelihood that those principles, facts, and considerations play a role in the imposition of consecutive sentencing, however, is not an invitation to require that they be listed or weighed in consideration of the fact that R.C. 2929.14(C)(4) contains no such requirement in contrast to other sections of the Revised Code. *See, e.g.,* R.C. 2929.20(J) ("[a] court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code" makes specific findings). The trial court must make the findings, and we can only exercise our authority under R.C. 2953.08(G) if we

can clearly and convincingly find that the record does not support the trial court's findings. Appellate panels cannot be transformed into second-tier sentencing courts, reconsidering the weight given to any one factor in order to arrive at a different decision on whether to impose consecutive sentences.

{¶10} In this case, Ladson has not asked us to review to determine whether the findings are supported by the record. Instead, he limited his argument to whether the trial court abused its discretion by imposing his sentences to be consecutively served. As a result, even if we considered the arguments presented under the standard of review set forth in R.C. 2953.08(G), we are compelled to conclude that the imposition of consecutive sentences under R.C. 2929.14(C)(4) is not otherwise contrary to law and the findings underlying the consecutive sentences are supported by the record.

{¶11} Finally, we find no merit to Ladson's arguments regarding the weight of the evidence. In his manifest weight of the evidence argument, Ladson challenges the credibility of the victim and one of the police officers. The remaining testimony from the 11 other witnesses was not challenged on credibility grounds. Instead, Ladson claims the undisputed evidence was insufficient to sustain the conviction. Because the arguments are related, we will address them as one with the understanding that each presents a different and distinct review.

{¶12} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving

conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).  Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*

{¶13} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law.  *Id.*  In reviewing a sufficiency challenge, _"[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶14} We do acknowledge that one police officer mistakenly included a statement in his report that the handgun found near Ladson had a full magazine and one round in the chamber, meaning the weapon had not been discharged or had been reloaded.  During trial, the officer acknowledged that he made a mistake; however, he claimed his trial testimony — that the weapon lacked one round when found — was accurate.  Although this does affect the police officer's credibility, there was ample evidence that the handgun found near Ladson was recently discharged and the spent shell casing recovered at the scene was fired from that particular handgun.  Coupled with the evidence of gunshot residue found on both Ladson and the handgun, the officer's mistake does not render the

conviction as being against the manifest weight of the evidence. The jury was free to consider the officer's acknowledged mistake in conjunction with the remaining evidence.

{¶15} Further, even if we accept Ladson's version of the victim's trial testimony and deem her statements as an indication that she never saw Ladson shoot the handgun and was never in fear of his actions, there was overwhelming, credible evidence of Ladson's guilt beyond a reasonable doubt from every other witness. The victim's mother related how the victim was hysterical and afraid as she recounted how Ladson had shot at the apartment with the victim inside — all of which was admitted as substantive evidence of guilt through exceptions to the hearsay rule to support the aggravated menacing conviction.[1] Importantly, the victim's mother also explained that the apartment did not have any bullet holes in it before that night, for the purposes of the discharging a firearm into habitation conviction.[2] The victim's mother was the named tenant and lived in the apartment. She established that none of the tenants of the apartment owned or possessed a handgun, a fact bolstered by the victim's undisputed agreement, driving the reasonable inference that Ladson brought the weapon into the apartment, establishing Ladson's

---

[1] R.C. 2903.21(A) provides that no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person. *State v. Goodwin*, 10th Dist. Franklin No. 05AP-267, 2006-Ohio-66, ¶ 25-26 (merely displaying a weapon supports a conviction for aggravated menacing where the victim believed the appellant was about to cause serious physical harm).

[2] R.C. 2923.161(A)(1) provides that no person shall knowingly discharge a firearm into an occupied structure that is a permanent or temporary habitation of any individual.

having a weapon while under disability.[3]  The testifying police officers also connected Ladson to the handgun — Ladson was the only person who was both found in the vicinity of the recently discharged weapon and had the opportunity to steal the weapon after it was left unattended in the car on the night of the theft, which establishes the receiving stolen property charge.[4]  Ladson also tested positive for gunshot residue, which supports the inference that he fired the gun at the victim as she stood in the apartment, for the purposes of establishing each separate conviction.  Ladson's conviction for each count is not against the sufficiency of the evidence.[5]

{¶16} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

---

[3] R.C. 2923.13(A)(3) provides that no person shall knowingly acquire, have, carry, or use any firearm if the person has been convicted or is under indictment for any felony offense involving illegal possession, use, sale, administration, distribution, or trafficking in any drug.  Ladson has not challenged the evidence proving his disability.

[4] R.C. 2913.51(A) provides that no person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property was obtained through theft.

[5] Although Ladson was also convicted of drug possession, no argument was advanced with regard to the weight of the evidence in support of that conviction.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., A.J., CONCURS IN JUDGMENT ONLY