[Cite as *State v. Burgos*, 2025-Ohio-1261.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

     Plaintiff- Appellee,                    :

                                 No. 114258

v.                                                :

DEVONTE RAY BURGOS,                               :

     Defendant-Appellant.                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-687006-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Sarah Denney, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle Powell-Sacks, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Devonte Ray Burgos ("Burgos"), was convicted of attempted kidnapping and attempted rape, felonies of the second degree. The trial court imposed a sentence of eight years on each count and ordered them to run concurrently. On appeal, Burgos challenges his sentences claiming that the sentences are clearly and convincingly not supported by the record and the sentencing factors set forth in R.C. 2929.12. However, an appellate court lacks authority "to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. As a result, his sole assignment of error is overruled.

## I. Procedural History and Relevant Facts

{¶ 2} In November, 2023, Burgos was charged in this case, Cuyahoga C.P. No. CR-23-687006, by way of a two-count indictment in connection with an incident that occurred between Burgos, who was 18 at the time, and a 15-year-old female, T.S. Burgos and T.S. were at the same party in June 2013. At some point during the night, T.S. had consensual sex with her boyfriend. Afterwards, she fell asleep. According to the State, T.S. woke up to Burgos sexually assaulting her.

{¶ 3} The indictment in connection with this incident charged Burgos with the following offenses:

1.    Rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree, with a sexually violent predator specification

- did engage in sexual conduct, to wit: vaginal intercourse, with Jane Doe [T.S.] by purposely compelling her to submit by force or threat of force.

2. Rape, in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, with a sexually violent predator specification
   - did engage in sexual conduct, to wit: vaginal intercourse with Jane Doe [T.S.] who was not the spouse of the offender, and the ability of Jane Doe [T.S.] to resist or consent was substantially impaired because of a mental or physical condition or because of advanced age, and Devonte Ray Burgos knew or had reasonable cause to believe that Jane Doe's [T.S.] ability to resist or consent was substantially impaired because of a mental or physical condition or because of advanced age.

{¶ 4} Burgos entered into a plea agreement with the State. He pleaded guilty to amended Count 1, attempted kidnapping, a felony of the second degree; and amended Count 2, attempted rape, a felony of the second degree. The sexually violent predator specifications were nolled, and both parties agreed that the offenses were not allied.

{¶ 5} The plea agreement also included guilty pleas in three other pending cases. In Cuyahoga C.P. No. CR-23-687180-A, Burgos pleaded guilty to sexual battery, a felony of the third degree. In Case No. CR-24-689528-B, he pleaded guilty to drug possession, a felony of the fifth degree. In Case No. CR-24-691441-A, he pleaded guilty to drug possession, a felony of the fifth degree.

{¶ 6} Prior to sentencing, the State filed a sentencing memorandum, requesting the trial court impose "at least an eight year prison term." A presentence-investigation report was prepared, as well as a court's psychiatric review.

{¶ 7} Prior to sentencing, the trial court indicated that it had considered the purposes and principles of sentencing. The court also indicated in its sentencing entry that it had considered all factors required by law. On the record, the trial court explained that it had taken into consideration the victim's age and her mental condition, which included her intoxication at the time of the offense. The trial court stated that the victim had not induced or facilitated the offense and that Burgos had not acted under strong provocation from the victim. The trial court considered the likelihood of recidivism based on Burgos's previous criminal conduct and juvenile-delinquency adjudications. The trial court also found that Burgos had shown a pattern of alcohol and drug use.

{¶ 8} The trial court imposed a prison sentence of eight years on each count in this case, for attempted kidnapping and attempted rape. The trial court imposed sentences of time served on the remaining cases not subject to this appeal.

{¶ 9} Burgos filed a notice of appeal from the sentencing entry issued in this case. His sole assignment of error reads:

> There is clear and convincing evidence that the record does not support the maximum sentence which the trial court imposed.

## I. Law and Analysis

{¶ 10} In his sole assignment of error, Burgos claims that the eight-year prison terms imposed on each count are clearly and convincingly not supported by the record. Particularly, Burgos challenges the court's findings concerning a number of factors set forth in R.C. 2929.12, including 1) the age of the victim, 2) the victim's

mental state and level of intoxication, 3) whether substantial grounds existed to mitigate Burgos's conduct, and 4) Burgos's history of criminal convictions and juvenile adjudications. As set forth below, we cannot review the sentences imposed under the arguments presented by Burgos, which are entirely premised on a review of the trial court's consideration of sentencing factors in R.C. 2929.12.

{¶ 11} R.C. 2953.08 establishes the scope of appellate review for felony sentences. Pursuant to R.C. 2953.08(G)(2), an appellate court "may reverse or modify a sentence only if the appellate court clearly and convincingly finds that the record does not support the findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or if the sentence is contrary to law." *State v. Stennett,* 2022-Ohio-4645, ¶ 12 (8th Dist.). However, R.C. 2953.08(G) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. There is "[n]othing in R.C. 2953.08(G)(2) [that] permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 12} Here, Burgos is asking this court to review the factual basis for the trial court's considerations of specific sentencing factors set forth in R.C. 2929.12. This court has previously acknowledged that it lacks the authority to engage in this type of analysis. *State v. Williams,* 2023-Ohio-458, ¶ 33 (8th Dist.), citing *Stennett*

at ¶ 13 (overruling an appellant's request to review the factual basis for the trial court's consideration of R.C. 2929.11 and 2929.12). *See also State v. Cathan,* 2022-Ohio-228, ¶ 2 (6th Dist.) (holding that "challenges based on a trial court's consideration of R.C. 2929.11 and 2929.12 . . . may be summarily denied").

{¶ 13} Accordingly, we do not have jurisdiction to conduct the review requested by Burgos. Burgos's sole assignment of error is overruled.

## II. Conclusion

{¶ 14} This court is without authority to review the sentences imposed in this case on the basis that they are not clearly and convincingly supported by the record under R.C. 2929.11 and 2929.12. Burgos's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR