[Cite as *State v. Church*, 2026-Ohio-1772.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                          :

      Plaintiff- Appellee,                      :

                                       No. 115480

v.                                                     :

LASHONDA CHURCH,                                       :

      Defendant-Appellant.                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 14, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682485-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla B. Neuhauser, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant Lashonda Church appeals the trial court's judgment sentencing her six to eight and a half years in prison. In her sole assignment of error, Church contends that "[t]he trial court erred by imposing a

sentence [that] was not supported by the record and was contrary to law."  After review, however, we find no merit to Church's arguments.  Simply put, appellate courts lack the authority to review a trial court's factual basis for imposing a sentence under R.C. 2929.12.  We therefore overrule her sole assignment of error.

## I. Procedural History and Factual Background

{¶ 2} In July 2025, Church pleaded guilty to Count 1 as amended, improperly discharging a firearm into habitation in violation of R.C. 2923.161(A)(1), a second-degree felony, with one-year firearm and forfeiture specifications; Counts 2 and 3 as amended, assault in violation of R.C. 2903.13(A), first-degree misdemeanors; and Count 4 as amended, receiving stolen property in violation of R.C. 2913.51(A), a first-degree misdemeanor.  As part of her plea, Church agreed to forfeit the firearm that she used during the commission of the offense.

{¶ 3} At the sentencing hearing, the trial court indicated that it had reviewed the presentence-investigation report, the victim information in the State's report, and a competency report.  The trial court first heard from two members of Church's family who spoke on her behalf.  They told the court that Church had never been in trouble, obtained an education and was in graduate school, raised her children without much help from their fathers, and had always been employed.

{¶ 4} Church's defense counsel informed the court that Church did not have any prior felony convictions and that she had been working as a pharmacy technician prior to being arrested in this case.  Also, while on supervised release during the pendency of this case, Church had no incidents for "two plus years."

Church's defense counsel further stated that according to the competency report, Church has some mental-health issues, including the fact that one of the symptoms of the medication she was taking could cause "psychosis." Defense counsel requested the minimum prison sentence.

{¶ 5} A detective in the case told the trial court that although the victims were not harmed during the shooting, his department took this crime very seriously. He asked the court for "a stern and fair prison term."

{¶ 6} Next, the trial court heard from the victims' representative. She told the court that the victims continue to experience trauma and devastation after Church fired a gun into their home. The representative read a letter to the court that the victims wrote. The victims stated that what occurred was terrifying and "life altering." According to the victims, Church shot into their home 15 minutes after they had gone to bed and the bullet "hit a mere foot" above one of their heads. The victims further stated that the shooting was "more painful" because they barely knew Church. They were left with a "haunting question" as to why Church did what she did, a question that they still could not answer. One of the victims had been diagnosed with post-traumatic stress disorder and ultimately lost his job because of the shooting, and both "still look over" their shoulders and "jump at sudden noises."

{¶ 7} The State told the court that Church's phone showed that she had searched the internet for information on how to clean fingerprints off of a gun, for the address of the victims' home, and for the location of the nearest police station to the victims' home. The State said that these searches indicate not only "prior

calculation and design," but that Church was "acting rationally." The State further stated that Church had undergone multiple evaluations and none of them "were able to conclusively establish that there was any mental-health component to her decision" to fire shots into the victims' home.

{¶ 8} The trial court sentenced Church to one year in prison for the firearm specification to be served consecutive to and prior to five years in prison for improperly discharging a firearm into habitation and 180 days in jail each for Counts 2, 3, and 4. The trial court ordered that Counts 1 through 4 run concurrently to each other, for a total of six to eight and a half years in prison. It is from this judgment that Church now appeals.

## II. Law and Analysis

{¶ 9} In her sole assignment of error, Church contends that the "totality of the circumstances did not support the imposition" of six to eight and a half years in prison under R.C. 2929.12. She argues that her lack of criminal history, long-term employment, and low risk of recidivism weigh heavily against the trial court's sentence. Church requests this court to modify the trial court's sentence and reduce it or remand to the trial court to resentence her on Count 1, which was her only felony conviction.

{¶ 10} R.C. 2929.12 addresses factors that a trial court must consider when imposing a felony sentence. R.C. 2929.12(A) states, "[A] court that imposes a sentence under this chapter upon an offender for a felony has discretion [except offenses that require mandatory prison time] to determine the most effective way to

comply with the purposes and principles of sentencing set forth in section [R.C.] 2929.11." In exercising that discretion, courts must consider factors set forth in R.C. 2929.12 "relating to matters such as the seriousness of the offender's conduct [and] the likelihood of the offender's recidivism." *State v. Jones*, 2020-Ohio-6729, ¶ 19, citing R.C. 2929.12(B) through (F). It is well established that while trial courts must consider these factors, they do not have to make explicit findings on the record. *State v. Wilson*, 2011-Ohio-2669, ¶ 31.

{¶ 11} Church asserts that the trial court failed to give "sufficient consideration" to the factors set forth in R.C. 2929.12(D) and (E). She argues that under these factors, a shorter sentence was justified. Considering these factors, she argues that (1) she was not on probation or parole at the time of the offense, (2) she did not have a history of prior offenses as an adult, (3) she did not demonstrate a pattern of drug or alcohol abuse related to the offense, (4) she was employed and in graduate school, (5) she led a law-abiding life and raised her children as a single mother, and (6) the offense is not likely to recur.

{¶ 12} R.C. 2953.08 establishes the scope of appellate review for felony sentences. The Ohio Supreme Court has explained that "[o]rdinarily, appellate courts defer to the broad discretion trial courts have in making sentencing decisions, and R.C. 2953.08(G) reflects that deference." *State v. Glover*, 2024-Ohio-5195, ¶ 39, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 11. This is because the trial judge presides over the case, defendants make their "allocution to the sentencing judge directly, and the trial judge will often have heard directly from the victims at

sentencing." *Id.* Accordingly, "an appellate court's role is not to be a 'second-tier sentencing court.'" *Id.*, quoting *State v. Ladson*, 2016-Ohio-7781, ¶ 9 (8th Dist.).

{¶ 13} Pursuant to R.C. 2953.08(G)(2), an appellate court "may reverse or modify a sentence only if the appellate court clearly and convincingly finds that the record does not support the findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or if the sentence is contrary to law." *State v. Stennett*, 2022-Ohio-4645, ¶ 12 (8th Dist.). However, R.C. 2953.08(G) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones*, 2020-Ohio-6729, at ¶ 39. Indeed, there is "[n]othing in R.C. 2953.08(G)(2) [that] permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 14} Church is asking this court to review the factual basis for the trial court's considerations of specific sentencing factors set forth in R.C. 2929.12. This court has previously acknowledged that we lack the authority to engage in this type of analysis. *State v. Williams*, 2023-Ohio-458, ¶ 33 (8th Dist.), citing *Stennett* at ¶ 13 (overruling an appellant's request to review the factual basis for the trial court's consideration of R.C. 2929.11 and 2929.12). *See also State v. Cathan*, 2022-Ohio-228, ¶ 2 (6th Dist.) ("[C]hallenges based on a trial court's consideration of R.C. 2929.11 and 2929.12 . . . may be summarily denied.").

{¶ 15} We therefore find no merit to Church's assigned error and overrule it.

**{¶ 16}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR