[Cite as *State v. Nazir*, 2024-Ohio-577.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,

        Plaintiff-Appellee,

        v.

CHANDHRY NAZIR,

        Defendant-Appellant.

:

:

:

:

:

No. 112726

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-665924-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brittany Fletcher, Assistant Prosecuting Attorney, *for appellee.*

Robey and Robey and Gregory S. Robey, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Defendant-appellant Chandhry Nazir appeals the six- to nine-year sentence imposed on him after he pleaded guilty to robbery and theft. For the reasons that follow, we affirm.

## I. Factual Background and Procedural History

{¶ 2} On December 21, 2021, a Cuyahoga County Grand Jury indicted Nazir in a two-count indictment charging him with aggravated robbery and theft. The indictment alleged that on December 6, 2021, Nazir stole between $1,000 and $7,500 worth of "cigarettes and/or money or services" from a Sunoco gas station in Independence, Ohio, using a handgun. The aggravated-robbery count carried one- and three-year firearm specifications; both counts carried a forfeiture-of-a-weapon specification.

{¶ 3} On April 18, 2022, the state amended the first count to charge robbery in violation of R.C. 2911.02(A)(1), a second-degree felony. The state dismissed the firearm specifications but retained the forfeiture specification under R.C. 2941.1417(A). Nazir pleaded guilty to robbery as amended and also pleaded guilty to theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony. *See* R.C. 2913.02(B)(2) (theft is a fifth-degree felony when the value of the property or services stolen is $1,000 or more and less than $7,500). The trial court ordered the forfeiture of a handgun and referred Nazir to the county probation department for a presentence investigation and report.

{¶ 4} Nazir never appeared for his presentence-investigation interview and failed to contact the probation department. The probation department attempted to contact him, without success. On May 17, 2022, the trial court revoked Nazir's bond and entered a capias.

{¶ 5} Nazir was arrested on the capias on February 16, 2023. His counsel thereafter filed a motion requesting that he be released on bond; the motion asserted that Nazir had "inadvertently missed his presentence investigative report meeting due to miscommunication with his psi officer." The trial court denied the motion and again referred Nazir to the probation department for a presentence investigation and report.

{¶ 6} The presentence-investigation report was filed on March 20, 2023. Nazir submitted letters of support from several family members prior to sentencing, which the court said it reviewed.

{¶ 7} On April 17, 2023, the trial court held a sentencing hearing. Nazir's defense counsel addressed the court, advocating as follows with regard to the offenses:

> I can tell you that when the situation first went down and he committed this robbery, he felt terrible about his actions, which led him to call the police and tell the police what he actually did.
>
> He did what he did because of drugs, Your Honor. He owed some drug dealers a substantial amount of money. He didn't have the money to pay them back, and this is what led him to rob the store, Your Honor.
>
> * * *
>
> He works at a local convenient store himself, Your Honor. * * * This is totally out of his character. I think he just panicked when he owed the drug dealers the money. He didn't know what else to do or who else to turn to try to come up with a lump sum of money that he needed, Your Honor.

{¶ 8} As for why Nazir failed to communicate with the probation department after the plea, counsel said the following:

[A]t the time the situation was occurring, his wife was, I believe, eight-months pregnant with their youngest child, who now is maybe ten-months.

He was afraid of going to prison and didn't want to be without his family, so he stopped coming to court, which is no excuse, but that's just what happened in this situation, Your Honor.

I stayed in contact with Mr. Nazir throughout that whole process of him being capiased, trying to urge him to turn himself in. That was the best way. He understood, but he wanted to be there for the birth of his child, Your Honor.

{¶ 9} Defense counsel asked the court to "consider something other than prison" for Nazir.

{¶ 10} Two members of Nazir's family — his wife and his sister — addressed the court.

{¶ 11} The state addressed the court and described the offenses as follows:

As the Court is well aware, this incident occurred December 6, 2021. The Defendant came into a Suncoast [sic] gas station, had a loaded firearm in his possession, pointed it at the victim's face, who was a clerk, and then demanded that the victim give him the money and cigarettes. The victim complied, in terror and in fear.

Officers, while investigating, learned later that the Defendant was just down the street at a hotel parking lot. When they went to the hotel parking lot, they found the suspect vehicle as well as the Defendant in the lobby. The Defendant immediately confessed to the crime, tells the police everything that he did. He also allowed them to go into the vehicle where they found the gun as well as the garbage bag full of cigarette cartons that amounted to about $3,000, and $382 cash that he stole from the convenient store.

{¶ 12} The state conveyed a statement from the victim as well.

{¶ 13} Nazir addressed the court and described that in December 2021 he was having a tough time at work and began using drugs with "friends at work."

There came a time when the people who were giving him drugs demanded money from him and threatened him and his family if they were not paid. One of the people gave Nazir the gun he used to rob the convenience store. Nazir said he was "high" when he committed the robbery; he said the gun was "empty" during the robbery.

{¶ 14} Nazir said that his probation officer called him before his sentencing hearing was scheduled and told him not to come in but rather to contact his lawyer "to get a new date." Nazir called his lawyer, who informed him of the capias. Nazir did not turn himself in at that point because he "was just scared because my wife was almost eight, nine-months pregnant * * *. I think they was going to arrest me and send me to jail, so I couldn't leave my kids and my wife in the hospital by herself, because she had nobody else with her."

{¶ 15} The trial court did not comment on the facts of the case during the sentencing hearing, but it did briefly address Nazir's failure to appear for sentencing. Specifically, the court said the following:

> THE DEFENDANT: They force me to do this [commit the robbery]. I don't want to do this. I do apologize for everything that I did.
>
> THE COURT: Did they force [you to] ignore [defense counsel], too, when he said that hey, Mr. Nazir, you need to come to court?
>
> THE DEFENDANT: No * * *.
>
> * * *
>
> THE COURT: Okay. Well, Mr. Nazir, I'm not going to sit here and lecture you, but we all make mistakes, and it's how you deal with those mistakes when you make them. I will tell you, not coming to court for your day of sentencing and having to have the Marshals come out ten-months later to bring your ass to court is not the right way to handle this.

{¶ 16} The trial court then announced its sentence as follows:

So after considering the purposes and principles set forth in sentencing, I will find you are not amenable to a community control sanction. * * * You will serve a six-year minimum definite sentence to a nine-year maximum indefinite sentence on Count One. Count Two will be a nine-month sentence, which I'll run concurrent.

{¶ 17} The court reduced its sentence to a journal entry, stating that it had "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11."

{¶ 18} Nazir appealed, raising the following assignment of error for review:

The trial court erred when it imposed an indefinite 6–9 year prison term, which is not supported by the record, and is contrary to law.

## II. Law and Analysis

### A. Felony Sentencing

{¶ 19} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D)], [R.C. 2929.14(B)(2)(e) or (C)(4)], or [R.C. 2929.20(I)]" or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 20} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. Nazir does not contend that the trial court's sentence fell outside the permissible statutory range. Nor does he make any argument with respect to postrelease control. He asserts error only as it relates to the trial court's consideration of R.C. 2929.11 and 2929.12.

{¶ 21} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 22} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has

held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶ 23} Nazir argues that his sentence is contrary to law because "it is not supported by the record" and "is very likely the result of his failure to appear for the preparation of a pre-sentence report and to appear at his original sentencing hearing."

{¶ 24} Nazir's argument is twofold. First, it is his position that the trial court was not permitted to consider the circumstances of his failure to appear for the presentence interview when deciding on an appropriate sentence. Second, Nazir argues that the court improperly weighed the sentencing factors, placing too much emphasis on his failure to appear and failing to "properly and fairly consider a number of sentencing factors." Specifically, he says the court "never gave any real consideration to imposing the minimum sanctions necessary" and did not adequately consider the R.C. 2929.12 factors. He asks us to vacate his sentence and remand for resentencing because, in his view, a proper consideration of the sentencing factors would have resulted in the imposition of community-control sanctions or "a prison sentence at the low end of the guideline range."

{¶ 25} The state responds that the sentence is not contrary to law and there is sufficient evidence in the record to support the sentence. The state points out that the second-degree robbery count carried a presumption of imprisonment.

{¶ 26} Nazir points to no authority supporting his argument that a trial court, when crafting a felony sentence, may not consider evidence that the defendant failed to appear for a presentence interview or sentencing hearing. This court and others have found that it is appropriate for a trial court to consider a failure to appear when crafting a sentence. *E.g.*, *State v. Taylor*, 8th Dist. Cuyahoga No. 98129, 2012-Ohio-5733, ¶ 8 ("[D]efendant's failure to appear at his sentencing hearing weighs in favor of finding that he would not be amenable to community control sanctions."); *State v. Chandler*, 1st Dist. Hamilton No. C-190153, 2020-Ohio-164, ¶ 7 ("A defendant's failure to appear is an appropriate recidivism factor for the trial court to consider when determining whether to impose a maximum sentence * * *."). Therefore, the trial court was permitted to consider Nazir's failure to appear when deciding on an appropriate sentence for him. We turn now to a consideration of Nazir's second argument — that the trial court did not properly consider R.C. 2929.11 and 2929.12.

{¶ 27} As noted, the R.C. 2929.12 factors relate to the seriousness of the defendant's conduct and the likelihood of the defendant's recidivism. This court has held that "consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8.

{¶ 28} After a careful review of the record, we find that Nazir failed to overcome the presumption that the trial court considered the appropriate statutory factors, including the seriousness-of-the-offense and recidivism factors found in R.C. 2929.12. While the trial court did not specifically describe its reasoning as it relates to individual factors at the hearing, it stated that it had considered "the purposes and principles set forth in sentencing" and found "you are not amenable to a community control sanction." In its journal entry, the court repeated that it had "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11."

{¶ 29} There is not sufficient evidence in the record to conclude that the trial court did not adequately consider R.C. 2929.11 or 2929.12. *See State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9 ("The trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."). We note that the trial court twice ordered a presentence investigation and report before making its sentencing decision, and the court indicated that it had reviewed the report and the letters Nazir submitted in mitigation before sentencing. At the sentencing hearing, defense counsel and the prosecutor set forth their arguments regarding the applicable factors. The court further heard a statement from victim and heard from two of Nazir's family members and from Nazir himself before imposing sentence. The court, after hearing these arguments and considering that evidence, found that Nazir

was not amenable to community control. *See State v. Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414, ¶ 12.

{¶ 30} While Nazir argues that a proper consideration of the appropriate factors would have led to a shorter prison sentence or community control, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 31} Nazir's sentence is within the permissible statutory range. *See* R.C. 2929.14(A)(2)(a) (second-degree felony punishable with a stated minimum prison term of two, three, four, five, six, seven, or eight years); 2929.14(A)(5) (fifth-degree felony punishable with a prison term of six, seven, eight, nine, ten, eleven, or twelve months). He asserts no error with respect to postrelease control. And he has not overcome the presumption that the trial court considered R.C. 2929.11 and 2929.12 before imposing sentence. Accordingly, Nazir's sentence is not contrary to law, and his assignment of error is overruled.

{¶ 32} Judgment affirmed.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR