[Cite as *State v. Anderson*, 2024-Ohio-1688.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                No. 113159

    v.                               :

DALE ANDERSON, JR.,                      :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682160-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Schrembeck, Assistant Prosecuting Attorney, *for appellee*.

Wegman Hessler Valore, and Dean Valore, *for appellant*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Dale Anderson, Jr. ("Anderson") appeals from his sentence following a guilty plea for attempted menacing by stalking. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On June 20, 2023, a Cuyahoga County Grand Jury indicted Anderson on two counts of menacing by stalking in violation of R.C. 2903.211(A)(1), with furthermore specifications, both felonies of the fourth degree. Anderson initially pleaded not guilty to the indictment.

{¶ 3} On August 1, 2023, the court held a change-of-plea hearing. At this hearing, the assistant prosecuting attorney placed the plea offer on the record as follows: in exchange for pleading guilty to one amended count of attempted menacing by stalking, a felony of the fifth degree, the remaining count of menacing by stalking would be dismissed. The agreement also required that Anderson have no contact with the victim.

{¶ 4} Defense counsel confirmed that that was his understanding of the plea agreement, and the court proceeded to engage Anderson in a Crim.R. 11 plea colloquy. The court ultimately accepted Anderson's guilty plea to the offense outlined above. The court ordered a presentence-investigation report ("PSI").

{¶ 5} On August 22, 2023, the case proceeded to sentencing. The assistant prosecuting attorney addressed the court, reading a written statement from the victim into the record. The statement summarized the impact that Anderson's actions have had on the victim's life over the past decade. The victim referred to a 2014 incident in which Anderson stalked the victim at her home and her place of employment. The victim stated that her mental health has declined drastically over

the past decade, and she cannot go into public without worrying that Anderson will find her.

{¶ 6} Defense counsel addressed the court and stated that Anderson was sexually abused by a family member when he was a child and was finally seeking counseling to process that trauma. Defense counsel also stated that Anderson was active in his son's life. Defense counsel also stated that although this case involved the same victim as the 2014 incident, there was no intervening contact between then and now, and Anderson did not realize that it was the same person. Ultimately, defense counsel requested that the court sentence Anderson to probation.

{¶ 7} Anderson also addressed the court and apologized to the court and the victim; he stated that he did not mean to alarm the victim when he entered her workplace.

{¶ 8} The court ultimately sentenced Anderson to 12 months in prison.

{¶ 9} Anderson filed a timely notice of appeal and presents one assignment of error for our review:

> The trial court's imposition of a maximum prison term for a felony of the fifth degree was contrary to law.

**Law and Analysis**

{¶ 10} In his sole assignment of error, Anderson argues that the trial court's imposition of the maximum prison sentence for a fifth-degree felony was contrary to law because the record does not support the findings necessary to impose a maximum sentence.

{¶ 11} Our review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. Copley*, 8th Dist. Cuyahoga No. 111960, 2023-Ohio-2687, ¶ 26, citing *State v. Watkins*, 8th Dist. Cuyahoga No. 110355, 2022-Ohio-1231, ¶ 21, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, appellate courts do not consider whether the sentencing court abused its discretion, but rather, "if this court 'clearly and convincingly' finds that (1) 'the record does not support the sentencing court's findings [under R.C. 2929.13(B) or (D)], [R.C. 2929.14(B)(2)(e) or (C)(4)], or [R.C. 2929.20(I)]' or (2) 'the sentence is otherwise contrary to law,' then we may conclude that the court erred in sentencing." *State v. Nazir*, 8th Dist. Cuyahoga No. 112726, 2024-Ohio-577, ¶ 19, citing *Marcum*. Further, the Ohio Supreme Court has clarified that R.C. 2953.08(G)(2) "'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Id.*, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Additionally, a maximum sentence for a felony conviction is not contrary to law if it is within the statutory range of the offense and the court considers the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Copley* at ¶ 27, citing *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12.

{¶ 12} When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and

recidivism factors in R.C. 2929.12. *State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 3, citing *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Under R.C. 2929.11(A), a sentence shall be "reasonably calculated" to achieve three "overriding purposes": to (1) protect the public from future crime by the offender and others; (2) punish the offender; and (3) promote the effective rehabilitation of the offender using the minimum sanctions the court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources. While a sentencing court "'must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors.'" *Nazir* at ¶ 22, quoting *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶ 13} Our review of the record makes clear that the trial court here imposed a sentence on Anderson after properly considering the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Indeed, according to Anderson himself, the court considered Anderson's criminal record, his tragic upbringing, and the harm suffered by the victim, among other factors.

{¶ 14} Anderson argues that his sentence was contrary to law because he does not represent the worst version of the offender, and his conduct was not the worst version of the offense. Therefore, according to Anderson, a maximum prison

sentence fails to achieve the overriding purposes of felony sentencing and constitutes a waste of resources.

{¶ 15} Anderson's arguments are all based on his disagreement with the court's consideration of the purposes and principles of felony sentencing. Our case law is clear that "'nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *Nazir*, 8th Dist. Cuyahoga No. 112726, 2024-Ohio-577, at ¶ 30, quoting *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42.

{¶ 16} Anderson's sentence is within the permissible statutory range, and it is not otherwise contrary to law. Therefore, Anderson's assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR