[Cite as *State v. Martin*, 2025-Ohio-744.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113955 |
| v. | : | |
| JOSEPH MARTIN, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 6, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679189-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lisa J. Turoso, Assistant Prosecuting Attorney, *for appellee*.

Erin E. Hanson, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Joseph Martin, Jr. ("Martin") appeals the imposition of consecutive sentences for gross sexual imposition and other charges. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On March 10, 2023, a Cuyahoga County Grand Jury indicted Martin on four counts of rape in violation of R.C. 2907.02(A)(2) and two counts of aggravated burglary in violation of R.C. 2911.11(A)(1). These charges arose from an incident in which Martin broke into the victim's home and raped her.

{¶ 3} Martin initially pleaded not guilty to all charges.

{¶ 4} On March 12, 2024, the trial court held a change-of-plea hearing. Martin pleaded guilty to one amended count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2) and one amended count of burglary in violation of R.C. 2911.12(A)(2). The remaining charges were nolled.

{¶ 5} On April 16, 2024, the court held a sentencing hearing. The court heard from Martin, Martin's counsel, and the assistant prosecuting attorney, who read a statement from the victim. The court sentenced Martin to 8 to 12 years for attempted rape and eight years for burglary and ordered the sentences to run consecutively, for a total sentence of 16 to 20 years. Martin was also designated as a Tier III sexual offender.

{¶ 6} Martin filed a timely notice of appeal and presents two assignments of error for our review:

> I. The trial court's imposition of maximum sentences was contrary to law.

> II. The trial court erred by imposing consecutive sentences.

**Law and Analysis**

{¶ 7} In Martin's first assignment of error, he argues that the trial court erred by imposing the maximum sentence on each of Martin's offenses. Martin attempts to challenge the imposition of maximum sentences by arguing that his sentence was contrary to law on the basis that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. We disagree.

{¶ 8} When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(C). *State v. Marcum*, 2016-Ohio-1002, ¶ 9. Under R.C. 2953.08(C)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 9} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 29. Further,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 2021-Ohio-2772, ¶ 7 (8th Dist.).

**{¶ 10}** Although trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under either of the statutes. *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 2000-Ohio-302. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Phillips* at ¶ 8, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). Further, a statement in the trial court's sentencing entry that it considered all the required factors of law is sufficient to fulfill the trial court's obligation under the sentencing statutes. *State v. Reimer*, 2021-Ohio-4122, ¶ 18 (8th Dist.).

**{¶ 11}** Martin argues that the trial court made no findings about the seriousness of his conduct with respect to the burglary charge, nor did it make any findings that his sentence would be consistent with the sentences imposed for similar crimes by similar offenders. Additionally, Martin argues that the record does not support the imposition of a maximum sentence in this case. Martin's arguments are not supported by the record.

**{¶ 12}** Here, the trial court's sentencing entry includes the following findings relevant to this appeal:

The court considered all required factors of the law.

The court finds that prison is consistent with the purpose of R.C. 2929.11.

. . .

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not

disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future harm by defendant.

{¶ 13} The trial court's statements at the sentencing hearing and findings incorporated into the sentencing entry comply with the trial court's obligations under the sentencing statutes. At the sentencing hearing, the court reiterated that the attempted rape and burglary offenses were separate crimes and went on to state that the crimes were a type "of violence that is extremely difficult to recover from."

{¶ 14} Based on our review of the record, Martin has not affirmatively demonstrated that the trial court failed to consider the statutory factors. Therefore, we cannot conclude that Martin's sentence was contrary to law. Martin's first assignment of error is overruled.

{¶ 15} In Martin's second assignment of error, he argues that the trial court erred by imposing consecutive sentences. Martin argues that the trial court failed to make the required statutory findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. Specifically, Martin argues that the sentencing entry refers to a course of conduct, while no such finding was made on the record at the sentencing hearing.

{¶ 16} Under R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that (1) consecutive sentences are necessary to protect the public

from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public, and (3) at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. "The legislature authorized the imposition of consecutive sentences if three findings are made, the last of which contains three, independent alternative findings under R.C. 2929.14(C)(4)(a)-(c)." *State v. Rapier*, 2020-Ohio-1611, ¶ 10 (8th Dist.), citing *State v. Black*, 2020-Ohio-188, ¶ 11 (consecutive sentences may be imposed if the court "also finds *any* of the following" findings under R.C. 2929.14(C)(4)(a)-(c)).

{¶ 17} To challenge consecutive sentences on appeal, a defendant may argue either that (1) the sentence is contrary to law because the trial court did not make the required R.C. 2929.14(C)(4) findings or (2) the trial court's findings are not clearly and convincingly supported by the record. *State v. Hawley*, 2020-Ohio-1270, ¶ 10 (8th Dist.).

{¶ 18} Here, the trial court found that consecutive sentences were necessary to protect the public from future crime by Martin and to punish him and that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. Further, with respect to R.C. 2929.14(C)(4)(b) and (c), at the sentencing hearing, the trial court found that

> the harm was also so great or unusual a single term does not adequately reflect the seriousness of [Martin's] conduct. And that your limited — your criminal history and how you violated probation shows that consecutive terms are needed to protect the public as well as all this information about your mental status. Binging on cocaine and alcohol, explosive anger, all those things indicate that you're a concern to the community. You're a danger to the community.

{¶ 19} As noted above, in the sentencing entry, the trial court found that

> [a]t least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 20} The trial court is not required to give a rote recitation of the statutory language. *Rapier*, 2020-Ohio-1611, at ¶ 7 (8th Dist.)., citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Thus, the fact that the trial court did not explicitly mention a "course of conduct" at the sentencing hearing does not undermine the trial court's finding under R.C. 2929.14(C)(4)(b). Moreover, the trial court need only find that one of the factors in R.C. 2929.14(C)(4)(a)-(c) apply and, here, the trial court made a finding pursuant to subsection (c) that Martin's criminal history demonstrates that consecutive sentences are necessary to protect the public.

**{¶ 21}** To the extent that Martin argues that the record does not support this finding with respect to his criminal history, our review of the record does not support this argument. While the trial court did state that it had "been a while since a serious charge" in Martin's criminal history, the trial court also emphasized that he did have a significant criminal history, including repeated probation violations. Thus, we are unable to conclude that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). Martin's second assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)