[Cite as *State v. Simmons*, 2025-Ohio-1828.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

    v.                                          :        Nos. 114231, 114232, 114233, 114234, and 114235

HOSEA SIMMONS,                          :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 22, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-678200-B, CR-23-682223-A, CR-24-688986-A,
CR-24-692429-A, and CR-22-666752-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brittany Fletcher, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, defendant-appellant Hosea Simmons raises challenges relating to the entry of his guilty pleas, the trial court's compliance

with Crim.R. 11, and the imposition of consecutive sentences in the underlying proceedings. Upon review, we affirm the trial court's judgment in each of the cases appealed, including appellant's convictions and sentences, as well as the court's imposition of consecutive sentences between the five cases.

{¶ 2} On May 12, 2022, appellant pled guilty to multiple felony and misdemeanor offenses pursuant to a plea agreement in five initial cases that were before the trial court.[1] The cases stemmed from breaking-and-entering and theft incidents, along with related offenses, that occurred at different locations in downtown Cleveland. On July 14, 2022, appellant was sentenced on the applicable counts in each case to 18 months of community control under the supervision of the Veteran's Treatment Court ("VTC"). Restitution also was ordered. Appellant was informed of the maximum sentence he could face for violating the terms of his community-control sanctions. The prosecutor noted at this hearing that appellant has "a criminal record a mile long" with convictions dating back over 30 years. The trial court observed that appellant was then 61 years old, he was appearing on five different cases in which he was destabilizing the community, his drug and alcohol addictions were wreaking havoc in the community, and he was lucky to have the opportunity for VTC.

{¶ 3} On February 9, 2023, the trial court found appellant violated the terms of his community control for failing to report and for testing positive for illegal

---

[1] Cuyahoga C.P. Nos. CR-22-666752-A, CR-21-663367-B, CR-21-657404-A, CR-20-655047-A, and CR-20-654242-A.

drugs. The trial court ordered appellant to be transported to a treatment center and advised appellant that if he violated his community control again, he would be sent to prison.

**{¶ 4}** On February 16, 2023, appellant appeared before the trial court on a new case in which he pled guilty to charges of breaking and entering, petty theft, and two counts of criminal damaging or endangering.[2] The trial court complied with the requirements of Crim.R. 11 and found Simmons had entered his pleas knowingly, voluntarily, and with a full understanding of his rights. Appellant went capias prior to sentencing in that case. Thereafter, he was indicted in three additional new cases, involving varying charges, or attempt charges, for breaking and entering, theft, and/or criminal damaging or endangering.[3]

**{¶ 5}** On July 16, 2024, appellant appeared before the trial court on all nine of his cases pending on the court's docket. As the trial court noted, the initial five cases were before the court for a community-control violation hearing, appellant already entered a guilty plea in one of the new cases and then went capias before sentencing in that case, and appellant was entering a change of plea on the three additional new cases. The plea agreement for those three cases was placed on the record. Appellant was informed that entering a plea of guilty in the three cases would be a violation of his community-control sanctions in his five initial cases and

---

[2] Cuyahoga C.P. No. CR-23-678200-B.

[3] Cuyahoga C.P. Nos. CR-23-682223-A, CR-24-688986-A, and CR-24-692429-A.

could result in a separate sentence in those cases. Appellant also was advised, among other information, of his constitutional rights, the rights he would be waiving by entering a plea of guilty, the nature of the charges, the effect of a guilty plea, and the maximum penalties that could be imposed on each count. Defense counsel indicated that he was satisfied that the trial court complied with Crim.R. 11, and the trial court found appellant understood the information provided. Appellant pled guilty to multiple counts in each of the three cases, and the trial court found the appellant's plea was knowingly, intelligently, and voluntarily made.

{¶ 6} With the consent of the parties, the trial court proceeded with sentencing for the "four [new] cases that are set for sentencing" and the "five cases that are set for violation of probation or court [community-control] sanctions." The trial court sentenced appellant to concurrent prison terms on counts within each of the four new cases, with a total prison term of 12 months in each of those cases, Cuyahoga C.P. Nos. CR-23-678200-B, CR-23-682223-A, CR-24-688986-A, and CR-24-692429-A. The trial court also ordered restitution in those four cases. Additionally, the trial court found appellant "violated the terms of [his] community control sanctions" and sentenced appellant to a prison term of 12 months on Count 2 in Cuyahoga C.P. No. CR-22-666752-A. The trial court terminated community-control sanctions in three of the other cases.[4] The trial court ordered consecutive prison terms between the five cases on which sentence was imposed, which totaled

---

[4] Cuyahoga C.P. Nos. CR-21-663367-B, CR-20-655047-A, and CR-20-654242-A.

five years' imprisonment, and the trial court made the requisite consecutive-sentence findings both on the record and in the court's judgment entries. The trial court noted appellant's lengthy criminal record, the countless crimes he had committed, his destabilization in the community, the multiple cases and offenses involved, and his absconding from resources designed to help him.

{¶ 7} Appellant timely appealed. He raises two assignments of error for review.

{¶ 8} Under his first assignment of error, appellant claims his guilty pleas were not knowingly, voluntarily, and intelligently entered. More specifically, he argues that in Cuyahoga C.P. Nos. CR-23-682223-A, CR-24-688986-A, and CR-24-692429-A, the trial court failed to comply with Crim.R. 11(C)(2)(b) because, as he claims, "his pleas in those three cases led to his exit from the [VTC] and the imposition of a five-year term of incarceration" and the trial court "said nothing with respect to its authority to proceed immediately to judgment and sentencing on all [of the cases] Appellant then faced."

{¶ 9} Initially, the record reflects that the trial court complied with Crim.R. 11(C) when accepting appellant's pleas. Crim.R. 11(C) provides that "[i]n felony cases the court . . . shall not accept a plea of guilty or no contest without first addressing the defendant personally . . . and doing all" of the requirements thereunder. Here, the record shows that the trial court complied with Crim.R. 11(C) regarding appellant's constitutional rights, and appellant acknowledges he was informed of his constitutional rights. Further, the record shows that there was no

failure to comply with any portion of Crim.R. 11(C), nor was there a complete failure to comply with a portion of the rule. Defense counsel acknowledged the court's compliance with Crim.R. 11 during the hearing, and the record shows appellant's pleas were knowingly, voluntarily, and intelligently entered.

{¶ 10} Nevertheless, on appeal, appellant challenges the trial court's compliance with the requirement set forth under Crim.R. 11(C)(2)(b), which is "Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." The record shows that appellant was informed of the effect of a guilty plea consistent with the language under Crim.R. 11(B), and the record reflects appellant's understanding that the court could proceed with judgment and sentence upon acceptance of his plea. Additionally, prior to entering his guilty pleas on the newest three cases, the trial court advised appellant that "by pleading guilty in these three new case numbers, it is a violation of your community control sanctions in those [other] pending five cases, and you could receive a separate sentence in those cases, as well as any sentence you receive in these three new cases." Appellant expressed his understanding. No error occurred.

{¶ 11} Furthermore, appellant does not argue any prejudice occurred, nor does he demonstrate prejudice on the face of the record before us. Generally, when a court's advice is defective as to an aspect of the plea concerning a nonconstitutional right, a defendant must show prejudice before the plea will be vacated for such an

error. *State v. Tancak*, 2023-Ohio-2578, ¶ 17, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17.[5] Our review of the record shows that appellant previously had been informed of the penalties that could be imposed for violating the terms of his community-control sanctions and, after violating, he was informed that he would be sentenced to prison if he violated again. At the July 16, 2024 hearing, the trial court indicated that all nine cases pending on the trial court's docket were before the court, including the five cases set for a probation violation hearing; defense counsel agreed to proceed with sentencing; and no objection was made when the court found the appellant to be in violation of his community-control sanctions or when the court sentenced him at the hearing. Thus, not only has appellant failed to successfully challenge the trial court's compliance with the requirement set forth under Crim.R. 11(C)(2)(b), but also, he has failed to show prejudice in relation to his claimed error.

{¶ 12} Because appellant has not demonstrated that he is entitled to have his plea vacated, the first assignment of error is overruled.

{¶ 13} Under his second assignment of error, appellant claims the trial court's imposition of maximum, consecutive sentences is not supported by the record. Appellant acknowledges that the trial court made the requisite findings for imposing consecutive sentences and that the trial court also stated its reasoning. Nevertheless, he claims that "no evidence of Appellant's prior record was made a

---

[5] However, we recognize that when there has been a complete failure to comply with that portion of Crim.R. 11(C), the defendant's burden to show prejudice is eliminated. *Tancak* at ¶ 17, citing *State v. Dangler*, 2020-Ohio-2765, ¶ 15. That is not the case herein.

part of the record in any of these matters" and that "while it may have been well known to those involved that Appellant had a lengthy criminal record, the evidence of that record within [the] record [herein] is lacking."

{¶ 14} Appellate review of the imposition of consecutive sentences is narrow. *State v. Rapier*, 2020-Ohio-1611, ¶ 12 (8th Dist.). Under R.C. 2953.08(G)(2), an appellate court "must examine the evidence in the record that supports the trial court's findings" and "may modify or vacate the sentence only if it 'clearly and convincingly finds' that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings." *State v. Glover*, 2024-Ohio-5195, ¶ 45, quoting R.C. 2953.08(G)(2)(a).

{¶ 15} Our examination of the record herein shows that appellant was under community-control sanctions in five separate cases, he previously violated for failing to report and for testing positive for cocaine, he was charged in a new felony case and absconded while awaiting sentence in that case, he was charged in three additional cases and then returned before the court on all nine cases. In addition to finding appellant violated his community-control sanctions by committing new crimes, the trial court recognized appellant's "lengthy criminal record," his commission of "countless crimes," his "destabilization" in the community, his absconding from resources designed to help him, and the fact that he "had multiple offenses" in the cases. Consistent with R.C. 2929.14(C)(4), the trial court found that "consecutive service is necessary to protect the public from future crime and to punish the offender" and that "consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and the danger [Simmons] pose[s] to the public." Additionally, the trial court made findings satisfying R.C. 2929.14(C)(4)(a), (b), and (c), any one of which was sufficient to comply with the statute. *See State v. Martin*, 2025-Ohio-744, ¶ 16, citing *Rapier* at ¶ 10.

{¶ 16} Because we do not clearly and convincingly find that the record fails to support the trial court's consecutive-sentence findings, appellant's second assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR