[Cite as *State v. Shelton*, 2025-Ohio-5527.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                     No. 115171

    v. :

DARION SHELTON, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685930-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Appellant Darion Shelton appeals his sentence after pleading guilty to amended charges of felonious assault, improper discharge of a firearm into a habitation, and having a weapon while under disability. Specifically, appellant

contends that the trial court erred by imposing the maximum sentence without support in the record for the required statutory findings. Finding no merit to the appeal, we affirm.

## I. Procedural History and Facts

{¶ 2} On November 2, 2023, the Cuyahoga County Grand Jury returned a 16-count indictment charging appellant with multiple offenses related to a drive-by shooting that occurred on August 2, 2023. The charges included two counts of felonious assault, ten counts of improperly discharging a firearm into a habitation, two counts of discharge of a firearm on or near prohibited premises, and two counts of having weapons while under disability. Many of the counts also carried one-year firearm specifications pursuant to R.C. 2941.141(A) and three-year firearm specifications pursuant to R.C. 2941.145(A).

{¶ 3} Following discovery and pretrial proceedings, appellant agreed to a negotiated plea deal. On April 17, 2025, he pled guilty to Count 2, felonious assault in violation of R.C. 2903.11(A)(2) and the one-year firearm specification and forfeiture specification, with the count amended to delete the three-year firearm specification; Count 3, improperly discharging a firearm into a habitation in violation of R.C. 2923.161(A)(1) and the forfeiture specification, with the count amended to delete both firearm specifications; and Count 16 as amended to attempted having weapons while under disability in violation of R.C. 2923.02 and 2923.13(A)(2) with the forfeiture specification. All other counts were nolled.

{¶ 4} The facts are somewhat sparse due to the negotiated plea but were outlined during sentencing on April 24, 2025. According to the sentencing transcript, appellant admitted to firing from a moving vehicle into a residence during a house party. Appellant was in the vehicle with a codefendant and multiple firearms were used in the shooting. One shot struck the victim in the leg.

{¶ 5} Less than a day later, appellant sold the firearms to an undercover federal agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

{¶ 6} By the time of the April 2025 sentencing in this action, appellant had been sentenced in federal court to 100 months (just over eight years) in prison for the firearms sale. According to the sentencing transcript, appellant and the State agreed "that the State would not object or would agree with and recommend a sentence that would run concurrent with his federal time." (Tr. 27.)

{¶ 7} After hearing remarks from appellant's maternal aunt, the trial court engaged directly with appellant. The transcript suggests the trial court was skeptical regarding appellant's understanding of the seriousness of his actions, his level of remorse, his potential for rehabilitation, and the likelihood of recidivism. When appellant apologized and said he now saw "how serious" the offense was, the trial court stated: "You didn't know that it was not right to shoot people out the window of a car? You didn't know that?" (Tr. 34.) Appellant's response that "[a]t the time [he] wasn't really paying attention," (tr. 34.), did not help his cause. The trial court noted that appellant was 19 at the time of the shooting and "shot somebody through the window of a moving car," and then told him, "You got to tell me something."

(Tr. 34-35.) Appellant offered vague allegations that the victim had threatened him. The trial court replied:

> That's not good enough for you to take responsibility. I need to know more. These are people who are just I guess minding their business. I don't know. I don't know if he said something to you or not. I don't know if he made threats to you or not. But that's not how we settle things. Who was he to you?

(Tr. 36.)

{¶ 8} Appellant replied that the victim was "nobody to me" and that he "didn't know him personally." (Tr. 36.) The transcript reflects that the trial court was again skeptical: "So somebody who you barely know and he barely knows you threatened to kill you?" (Tr. 36.) It continued:

> THE COURT: [N]ow here you are and you don't even know why you did what you did. Because you did what you did because something somebody said? How is it going to happen? How are you going to change if you think that that's how you settle problems?
>
> THE DEFENDANT: I wasn't thinking, Your Honor.
>
> THE COURT: That's the problem. You're not thinking. So you're not thinking at 20. What makes me think you're going to be thinking at 25? Because you don't have the emotional intelligence to get through this.

(Tr. 38-39.) The trial court then sentenced appellant as follows:

> Felonious assault Count 2 is eight years. The improper firing into a habitat, that's eight years. The weapons under disability is 18 months. . . . Concurrent with each count and with federal time.

(Tr. 43.) It further sentenced appellant to one year on the remaining firearm specification, to be served prior to and consecutively with the sentences on the underlying offenses. (Tr. 43-44.) Appellant's trial counsel argued for less jail time on the underlying offense so that appellant might complete his state sentence by the

time he finished his federal sentence. (Tr. 45.) The trial court rejected that suggestion, addressing appellant directly:

> You are a drive-by shooter and bullets are going into houses in Cleveland Heights. So I just don't have that kind of mercy. That was ridiculous. You could have killed people. So right now it's eight years. You do the nine years. They have to bring you back, they bring you back. That's terrible.

(Tr. 45-46.)

{¶ 9} Appellant received credit for time served of 554 days. (Tr. 46; April 28, 2025 sentencing entry; May 7, 2025 nunc pro tunc sentencing entry.) The State noted that appellant's substantial time served "would reduce that eight years by a significant amount." (Tr. 47.) The trial court concluded: "I did give him mercy. I could have given him consecutive. I could have given him more. It's just bad." (Tr. 47.) On April 28, 2025, the trial court reconvened to provide appellant with Reagan Tokes Law and postrelease-control advisements. (Tr. 49-55.)

{¶ 10} In both its original and nunc pro tunc sentencing entries, the trial court explicitly stated that it had "considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11."

{¶ 11} This timely appeal followed.

## II. Assignment of Error

{¶ 12} Appellant presents a single assignment of error for our review:

> The trial court erred when it imposed the maximum sentence without support in the record for the requisite statutory findings under R.C. 2953.08(G)(2) and R.C. 2929.14(C)(4).

{¶ 13} Because we find that the record supports the conclusion that the trial court complied with its statutory obligations, we overrule appellant's sole assignment of error and affirm the trial court's sentence.[1]

## III. Analysis

{¶ 14} This court recently reiterated:

> We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 21, 59 N.E.3d 1231. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(A)(1) or (2) the sentence is "otherwise contrary to law."

*State v. Howard*, 2025-Ohio-3281, ¶ 58 (8th Dist.). *See also State v. Martin*, 2025-Ohio-744, ¶ 7 (8th Dist.). R.C. 2953.08(G)(2)(b), however, "'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Martin* at ¶ 9, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39. Rather,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

---

[1] Appellant's reference to R.C. 2929.14(C)(4), which governs the findings required prior to imposition of consecutive sentences, appears to be a typographical error. His brief contains neither further references to the statute nor any challenge to consecutive sentences. If it is not a typographical error, it is still irrelevant in this context. The only consecutive sentence imposed by the trial court was for the one-year firearm specification. Because the trial court was required to run the sentence for the firearm specification consecutively and prior to the sentence on the underlying offense, the trial court was not required to make any R.C. 2929.14(C)(4) findings. *State v. Stewart*, 2025-Ohio-2676, ¶ 18-19 (8th Dist.).

*Martin* at ¶ 9, quoting *State v. Phillips*, 2021-Ohio-2772, ¶ 7 (8th Dist.).

{¶ 15} Like the defendant in *Martin*, appellant cites R.C. 2953.08(G)(2) and challenges the imposition of a maximum sentence "by arguing that his sentence was contrary to law on the basis that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.* As in *Martin*, we disagree.

{¶ 16} "When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12." *State v. Anderson*, 2024-Ohio-1688, ¶ 12 (8th Dist.), citing *State v. Pate*, 2021-Ohio-1089, ¶ 3 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.). This court has summarized those two code provisions as follows:

> Under R.C. 2929.11(A), a sentence shall be "reasonably calculated" to achieve three "overriding purposes": to (1) protect the public from future crime by the offender and others; (2) punish the offender; and (3) promote the effective rehabilitation of the offender using the minimum sanctions the court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources. While a sentencing court "'must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors.'" [*State v. Nazir*, 2024-Ohio-577,] ¶ 22 [(8th Dist.)], quoting *State v. Carter*, [2016-Ohio-2725, ¶ 15 (8th Dist.)].

*Anderson* at ¶ 12.

{¶ 17} While trial courts must consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, "they are not required to make specific findings under either of the statutes." *Martin*, 2025-Ohio-744, at ¶ 10 (8th Dist.), citing *Jones*,

2020-Ohio-6729, at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31. "[C]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Martin* at ¶ 10, quoting *Phillips*, 2021-Ohio-2772, at ¶ 8 (8th Dist.). "Further, a statement in the trial court's sentencing entry that it considered all the required factors of law is sufficient to fulfill the trial court's obligation under the sentencing statutes." *Martin* at ¶ 10, citing *State v. Riemer*, 2021-Ohio-4122, ¶ 18 (8th Dist.).

{¶ 18} In *Martin*, the trial court's sentencing entry included a statement that "[t]he court considered all required factors of the law" and that the trial court "finds that prison is consistent with the purpose of R.C. 2929.11." *Martin* at ¶ 12.[2] Such statements, even without more, are "sufficient to fulfill a trial court's obligations under the sentencing statutes." *Martin* at ¶ 10, citing *Riemer* at ¶ 18, citing *State v. Whitehead*, 2021-Ohio-847, ¶ 34 (8th Dist.), citing *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.).

{¶ 19} In *State v. A.H.*, 2013-Ohio-2525 (8th Dist.), the defendant conceded that his sentence was "within the permissible statutory range" but argued that the trial court could not possibly "have considered all the factors listed under R.C. 2929.11 and 2929.12 because 'it did not have enough information regarding the victims,' who elected not to appear at the sentencing hearing." *Id.* at ¶ 11. This court rejected that argument, citing the sentencing entry. As in the present case, the entry

---

[2] In *Martin*, this court quoted additional portions of the sentencing entry, but they all related to consecutive sentences, which is not an issue presented in this case.

in *A.H.* indicated "that the trial court considered 'all the required factors of the law' and concluded that 'prison [is] consistent with the purpose of R.C. 2929.11.'" *Id.* Even "'without more,'" this was "'sufficient to fulfill its obligations under the sentencing statutes.'" *Id.*, quoting *State v. Kamleh*, 2012-Ohio-2061, ¶ 61 (8th Dist.), citing *State v. Payne*, 2007-Ohio-4642, ¶ 18.

{¶ 20} Here, appellant expressly concedes that "the trial court's sentence was within the statutory range." (Appellant's brief at p. 6.) The trial court's sentencing entries state that it had "considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11." Pursuant to the cases discussed above, no more is required to find that appellant's sentence is not contrary to law.

{¶ 21} In both *Martin* and *A.H.*, however, this court also reviewed the sentencing transcripts, finding in each case that the record as a whole supported the conclusion that the trial court had considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12. The record here likewise reflects that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 as well as the seriousness of the offense and recidivism factors under R.C. 2929.12.

{¶ 22} In *A.H.*, 2013-Ohio-2525 (8th Dist.), this court noted that "the trial court considered the arguments of defense counsel." *A.H.* at ¶ 12. The trial court did the same here, rejecting arguments that appellant should receive a less severe state-court sentence so that he might regain his freedom after serving his federal prison term. It reiterated that appellant's sentence would be "eight years" because his

"terrible" behavior as a drive-by shooter was "ridiculous," and he "could have killed people." (Tr. 45-46.) With respect to the potential for rehabilitation, the trial court chastised appellant for his lack of "emotional intelligence," indicating it hoped he would address such problems while in federal prison. (Tr. 39 and 42-43.)

{¶ 23} As to both seriousness and potential recidivism, the trial court questioned appellant with respect to his motive and ultimately determined that appellant shot into a house simply because a person who was purportedly "nobody to [him]" had threatened him earlier. (Tr. 36.) It rejected appellant's justification for the shooting and his professed remorse, indicating that his explanation was "not good enough for you to take responsibility." (Tr. 36.) Further, with respect to the potential for recidivism, the trial court noted that appellant was "not thinking at 20," which caused it to wonder, "What makes me think you're going to be thinking at 25?" (Tr. 39.)

{¶ 24} Upon review of the entire record, therefore, we find that appellant has not affirmatively demonstrated that the trial court failed to consider the statutory sentencing factors. In light of that, we cannot conclude that his sentence was contrary to law.

{¶ 25} Appellant further argues that the R.C. 2929.11 and 2929.12 factors were not "*adequately* considered and addressed" and that the trial court simply "appear[ed] to have pointed to . . . the fact that the appellant committed an act of violence that put several people at risk of harm." (Emphasis added.) (Appellant's brief at p. 6-7.) Given the trial court's sentencing entries and its statements at the

sentencing hearing, we find this argument unpersuasive. More importantly, "[o]ur case law is clear that "'nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'"" *Anderson*, 2024-Ohio-1688, at ¶ 15 (8th Dist.), quoting *Nazir*, 2024-Ohio-577, at ¶ 30 (8th Dist.), quoting *Jones*, 2020-Ohio-6729, at ¶ 42. Appellant here asks us to review the factual basis for the trial court's consideration of specific sentencing factors. "This court has previously acknowledged that it lacks the authority to engage in this type of analysis." *State v. Burgos*, 2025-Ohio-1261, ¶ 10 (8th Dist.), citing *State v. Williams*, 2023-Ohio-458, ¶ 33 (8th Dist.), citing *State v. Stennett*, 2022-Ohio-4645, ¶ 13 (8th Dist.). "We cannot review the sentence imposed under the arguments as presented by [appellant], which are entirely premised on the review of the factual basis for the trial court's consideration of R.C. 2929.11 and 2929.12." *Stennett* at ¶ 13.

{¶ 26} Appellant's single assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR